LATHAM & WATKINS LLP
Daniel M. Wall (Bar No. 102580)
Timothy L. O'Mara (Bar No. 212731)
Sadik Huseny (Bar No. 224659)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Dan.Wall@lw.com
Email: Tim.OMara@lw.com
Email: Sadik.Huseny@lw.com

Attorneys for Defendants
ATMI, INC. and ADVANCED TECHNOLOGY
MATERIALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAXAIR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ATMI, INC. and ADVANCED TECHNOLOGY MATERIALS, INC.,<br><br>Defendants. | CASE NO. C 08-00869 JW (HRL)<br><br>**ANSWER OF DEFENDANTS ATMI, INC. AND ADVANCED TECHNOLOGY MATERIALS, INC.** |

## ANSWER TO COMPLAINT

Defendants ATMI, INC. and ADVANCED TECHNOLOGY MATERIALS, INC. (collectively, "ATMI") answer the allegations of plaintiff Praxair, Inc.'s Complaint ("Complaint") as follows:

## NATURE OF ACTION

1. ATMI denies the allegations of paragraph 1.

2. ATMI denies the allegations of paragraph 2.

3. ATMI denies the allegations of paragraph 3.

## PARTIES

4. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 4.

5. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5.

6. ATMI admits that ATMI, Inc. is a Delaware corporation with its principal place of business in Danbury, Connecticut.

7. ATMI admits that Advanced Technology Materials, Inc. is a Delaware corporation with its principal place of business in Danbury, Connecticut.

## JURISDICTION AND VENUE

8. ATMI admits that plaintiff purports to bring this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, and Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. The remaining allegations of paragraph 8 assert legal conclusions that do not require a response.

9. ATMI admits that plaintiff purports to bring a claim for declaratory judgment pursuant to 28 U.S.C. § 2201. The remaining allegations of paragraph 9 assert legal conclusions that do not require a response. To the extent that a response is required, ATMI denies the allegations.

10. ATMI admits that plaintiff purports to bring state law claims for unfair competition and tortious interference with prospective economic advantage. The remaining

allegations of paragraph 10 assert legal conclusions that do not require a response.

11. ATMI admits that it transacts business in the State of California through its subsidiary Advanced Technology Materials, Inc. The remaining allegations of paragraph 11 assert legal conclusions that do not require a response.

12. Paragraph 12 asserts legal conclusions that do not require a response. To the extent that a response is required, ATMI denies the allegations.

13. Paragraph 13 asserts legal conclusions that do not require a response. To the extent that a response is required, ATMI admits that it transacts business in the Northern District of California through its subsidiary Advanced Technology Materials, Inc., does business with semiconductor manufacturers within the San Jose Division of the Northern District of California through its subsidiary Advanced Technology Materials Inc. and participated in SEMICON West in each of the years 2003-2007. ATMI denies the remaining allegations.

**INTRADISTRICT ASSIGNMENT**

14. ATMI admits that it transacts business in the San Jose Division through its subsidiary Advanced Technology Materials, Inc. It also admits that it sells products to semiconductor manufacturers, some of whom are located in the San Jose Division of the Northern District of California. The remaining allegations of paragraph 14 assert legal conclusions that do not require a response. To the extent that a response is required, ATMI denies the allegations.

**THE MARKET FOR SUB-ATMOSPHERIC GAS DELIVERY SYSTEMS**

15. ATMI admits that it competes against Praxair for the sale of sub-atmospheric gas delivery systems, and that those systems are used in connection with the manufacture and fabrication of semiconductors. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in the third sentence of paragraph 15. ATMI denies the remaining allegations of paragraph 15.

16. ATMI denies the allegations of paragraph 16.

17. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17.

18. ATMI admits the allegations of paragraph 18.

19. ATMI denies the allegations contained in the second sentence of paragraph 19. ATMI is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 19.

20. ATMI admits the allegations contained in the second sentence of paragraph 20. ATMI further admits that Advanced Technology Materials, Inc. was the first to introduce the SDS® system. ATMI denies that it created "an initial monopoly position" with its introduction of the SDS® system. ATMI is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 21. ATMI denies the remaining allegations of paragraph 21.

22. ATMI denies the allegations contained in the third sentence of paragraph 22. ATMI is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 23.

24. ATMI denies the allegations contained in the first sentence of paragraph 24. ATMI is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 25.

26. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 26.

27. ATMI admits that Advanced Technology Materials, Inc. has obtained patents for its VAC® system and otherwise admits the remaining allegations of paragraph 27.

28. ATMI is without sufficient information to form a belief as to the truth of the second sentence of paragraph 28. ATMI denies the remaining allegations of paragraph 28.

**ATMI'S ANTICOMPETITIVE CONDUCT**

29. ATMI denies the allegations of paragraph 29.

30. ATMI denies the allegations of paragraph 30.

Interference with Praxair Electronics' Supply of $B^{11}F_3$

31. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 31.

32. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 32.

33. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 33.

34. ATMI denies that Nukem is a manufacturer of $B^{11}F_3$. ATMI is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 35.

36. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 36.

37. ATMI denies the allegations of paragraph 37.

38. ATMI is without sufficient information to form a belief as to the truth of the second sentence of paragraph 38. ATMI denies the remaining allegations contained in paragraph 38.

39. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 39.

40. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 40.

41. ATMI is without sufficient information to form a belief as to the truth of the third sentence of paragraph 41. ATMI denies the remaining allegations contained in paragraph 41.

42. ATMI denies the allegations of paragraph 42.

43. ATMI denies the allegations of paragraph 43.

ATMI's Misuse of its Patent in Certain European Countries and its Belgian Preliminary Relief

44. ATMI admits that Advanced Technology Materials, Inc. obtained United States patents and a patent in certain European countries covering its VAC® system and is without sufficient information to form a belief as to the truth of the remaining allegations of the first sentence. ATMI denies that ATMI, Inc. was a party in the New York or the Belgian actions. In the first bullet point, ATMI admits that Advanced Technology Materials, Inc. sued Praxair in the United States District Court for the Southern District of New York. ATMI admits the remaining allegations contained in the first sentence and the allegations of the third sentence. ATMI denies the allegations of the second sentence. In the second bullet point, ATMI admits the allegations contained in the first and third sentences. ATMI denies the allegation in the fourth sentence that ATMI lacks patent rights with respect to mechanical sub-atmospheric gas delivery systems in the United States. ATMI is without sufficient information to form a belief as to the truth of the remaining allegations contained in the second bullet point. In the third bullet point, ATMI admits that Advanced Technology Materials, Inc. filed suit and obtained preliminary injunctive relief in Belgium against Praxair, Inc. and certain of its Belgian subsidiaries based upon its patent rights in Europe. ATMI further admits that trial in Belgium is scheduled for September 2008. ATMI also admits the allegations contained in the fourth sentence. ATMI denies Praxair's characterization in the second sentence of the preliminary relief that Advanced Technology Materials, Inc. obtained. ATMI also denies the allegations in the third sentence. In the fourth bullet point, ATMI admits that the Belgian appellate court affirmed the October 26 preliminary injunction. ATMI denies the remaining allegations.

45. ATMI denies the allegations contained in the first sentence of paragraph 45. ATMI admits that in ATMI, Inc.'s February 22, 2008 10-K, the following sentence appears: "A preliminary injunction is in place against the public marketing of the UpTime system worldwide and, in September 2007, ATMI was awarded damages from Praxair for violation of that injunction." ATMI denies the remaining allegations contained in paragraph 45.

46. ATMI denies the allegations of paragraph 46.

47. ATMI denies the allegations of paragraph 47.

48. ATMI denies the allegations of paragraph 48.

49. ATMI denies the allegations of paragraph 49.

ATMI's Misuse of Patent Litigation

50. ATMI denies the allegations of paragraph 50.

51. ATMI denies the allegations of paragraph 51.

52. ATMI denies the allegations of paragraph 52.

53. ATMI denies the allegations of paragraph 53.

54. ATMI denies the allegations contained in the first sentence of paragraph 54. ATMI is without sufficient information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 54.

Irreparable Injury to Praxair

55. ATMI denies the allegations of paragraph 55.

## VIOLATIONS OF LAW ALLEGED

### Monopolization in Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2

56. ATMI incorporates by reference its Answers to each and every allegation contained in the foregoing paragraphs.

57. ATMI denies the allegations of paragraph 57.

58. ATMI denies the allegations of paragraph 58.

59. ATMI denies the allegations of paragraph 59.

60. ATMI denies the allegations of paragraph 60.

### Attempted Monopolization in Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2

61. ATMI incorporates by reference its Answers to each and every allegation contained in the foregoing paragraphs.

62. ATMI denies the allegations of paragraph 62.

63. ATMI denies the allegations of paragraph 63.

64. ATMI denies the allegations of paragraph 64.

**Conspiracy to Monopolize in**

**Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2**

65. ATMI incorporates by reference its Answers to each and every allegation contained in the foregoing paragraphs.

66. ATMI denies the allegations of paragraph 66.

67. ATMI denies the allegations of paragraph 67.

68. ATMI denies the allegations of paragraph 68.

69. ATMI denies the allegations of paragraph 69.

70. ATMI denies the allegations of paragraph 70.

**Unlawful Agreement in Restraint of Trade in**

**Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1**

71. ATMI incorporates by reference its Answers to each and every allegation contained in the foregoing paragraphs.

72. ATMI denies the allegations of paragraph 72.

73. ATMI denies the allegations of paragraph 73.

74. ATMI denies the allegations of paragraph 74.

75. ATMI denies the allegations of paragraph 75.

76. ATMI denies the allegations of paragraph 76.

**Declaratory Judgment that Belgian Preliminary**

**Relief is Unenforceable in the United States**

77. ATMI incorporates by reference its Answers to each and every allegation contained in the foregoing paragraphs.

78. ATMI admits that plaintiff purports to bring a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

79. ATMI denies the allegations of paragraph 79.

80. ATMI denies the allegations of paragraph 80.

81. ATMI denies the allegations of paragraph 81.

**Unlawful, Unfair or Fraudulent Business Practices**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

82. ATMI incorporates by reference its Answers to each and every allegation contained in the foregoing paragraphs.

83. ATMI denies the allegations of paragraph 83.

84. ATMI denies the allegations of paragraph 84.

85. ATMI denies the allegations of paragraph 85.

**Tortious Interference With Prospective Economic Advantage**

86. ATMI incorporates by reference its Answers to each and every allegation contained in the foregoing paragraphs.

87. ATMI denies the allegations of paragraph 87.

88. ATMI denies the allegations of paragraph 88.

89. ATMI denies the allegations of paragraph 89.

90. ATMI denies the allegations of paragraph 90.

91. ATMI denies the allegations of paragraph 91.

92. ATMI denies the allegations of paragraph 92.

All allegations in the Complaint that ATMI has not expressly admitted are denied. ATMI denies that plaintiff is entitled to any of the relief that it requests.

**AFFIRMATIVE DEFENSES**

ATMI expressly reserves the right to plead additional affirmative defenses and other defenses should such defenses be revealed by any discovery in this case. ATMI asserts the following defenses without assuming the burden of proof as to any issue that otherwise would rest with plaintiff.

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff's claims are barred in whole or in part because plaintiff failed to mitigate its alleged damages, if any.

THIRD AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

(Privilege/Justification/Excuse)

Plaintiff is barred from any recovery because ATMI's actions were privileged, justified and/or excused. Without limiting the foregoing, ATMI's actions were in whole or part privileged, justified and/or excused by operation of law, including foreign patent law.

FIFTH AFFIRMATIVE DEFENSE

(Intervening/Superseding Cause)

Plaintiff's alleged damages, if any, were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by ATMI.

SIXTH AFFIRMATIVE DEFENSE

(Waiver)

As a result of its own acts and omissions, Praxair has waived any right to recover under the causes of action that it alleges in its Complaint.

SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

As a result of its own acts and omissions, Praxair is estopped, in whole or in part, from obtaining the relief that it seeks in the Complaint.

EIGHTH AFFIRMATIVE DEFENSE

(Inequitable Conduct and Unclean Hands)

As a result of its own inequitable conduct and unclean hands, Praxair's claims are barred, in whole or in part.

**PRAYER FOR RELIEF**

Wherefore, ATMI prays as follows:

(a) That plaintiff's Complaint be dismissed with prejudice;

(b) That ATMI be awarded the costs, expenses and disbursements incurred by it in defending this action;

(c) That ATMI be awarded the attorneys' fees incurred by it in defending this action;

(d) That ATMI be awarded prejudgment interest, as appropriate; and

(e) For such further relief as this Court may deem just and proper.

Dated: March 17, 2008

Respectfully Submitted,

LATHAM & WATKINS LLP
Daniel M. Wall
Timothy L. O'Mara
Sadik Huseny

By /s/ Timothy L. O'Mara
Timothy L. O'Mara
Attorneys for Defendants
ATMI, INC. and ADVANCED TECHNOLOGY MATERIALS, INC.

SF\648364