LATHAM & WATKINS LLP
Daniel M. Wall (Bar No. 102580)
Timothy L. O'Mara (Bar No. 212731)
Sadik Huseny (Bar No. 224659)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Dan.Wall@lw.com
Email: Tim.OMara@lw.com
Email: Sadik.Huseny@lw.com

Attorneys for Defendants
ATMI, INC. and ADVANCED TECHNOLOGY
MATERIALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAXAIR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ATMI, INC. and ADVANCED TECHNOLOGY MATERIALS, INC.,<br><br>Defendants. | CASE NO. C 08-00869 JW (HRL)<br><br>**DECLARATION OF TIMOTHY L. O'MARA IN SUPPORT OF NOTICE OF NEW FACTUAL DEVELOPMENTS**<br><br>Date:   April 21, 2008<br>Time:  9:00 AM<br>Place:  Courtroom 8, 4th Floor<br>Judge: The Honorable James Ware |

1  I, Timothy L. O'Mara, declare as follows:

2  1. I am an attorney licensed to practice law in the State of California and a partner of Latham & Watkins LLP, counsel for Defendants AMTI, Inc. and Advanced Technology Materials, Inc. I am admitted to practice in the United States District Court for the Northern District of California. I have personal knowledge of the facts set forth below and, if called upon to do so, I could and would testify competently thereto. I make this declaration in support of Defendants' Notice of New Factual Developments.

2. On March 31, 2008 – subsequent to the filing of Defendants' Opposition Brief – Nukem GmbH ("Nukem") first informed ATMI that Nukem has already committed to sell nearly 100 kg of $B^{11}F_3$ gas to other third-party customers for 2008 (other than plaintiff Praxair, Inc.), such that Nukem apparently cannot supply any significant quantities of $B^{11}F_3$ to Praxair in 2008 and remain in compliance with the current and proposed contracts.

3. In order to eliminate any argument that this new factual development has any bearing on the pending preliminary injunction motion, ATMI has agreed to a one-time exception to the contract that will allow Nukem to sell up to 40 kg of $B^{11}F_3$ gas to Praxair in 2008 above and beyond whatever parts of the normal 100 kg third-party allotment Nukem chooses to sell to Praxair. Nukem may sell the entire 140 kg of $B^{11}F_3$ to Praxair in 2008 if that is what it chooses.

4. Attached as Exhibit 1 is a true and correct copy of my letter dated April 4, 2008, addressed to Christian Lawerentz, Legal Director Nukem Energy GmbH. The April 4, 2008 letter sets out the history of Nukem's recent disclosure of its commitment of 100 kg of $B^{11}F_3$ gas to third-party customers for 2008, and ATMI's agreement to a one-time exception to the contract that will allow Nukem to sell up to an additional 40 kg of $B^{11}F_3$ gas to third-parties in 2008.

///

1   I declare under penalty of perjury under the laws of the State of California that the
2   foregoing is true and correct. Executed this 7th day of April, 2008 in San Francisco, California.

                                              /s/ Timothy L. O'Mara
                                              Timothy L. O'Mara

SF\650967

# EXHIBIT 1

Case 5:08-cv-00869-JW   Document 46-2   Filed 04/07/2008   Page 1 of 3

# LATHAM&WATKINS LLP

April 4, 2008

Christian Lawerentz
Director Legal/HR
NUKEM Energy GmbH
Industriestrasse 13, 63755 Alzenau, Germany
Phone: 49 6023 91-1373, F +49 6023 91-1489
Fax: 49 160 98 95 10 47
Email: christian.lawerentz@nukem.de

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

Barcelona       New Jersey
Brussels        New York
Chicago         Northern Virginia
Frankfurt       Orange County
Hamburg         Paris
Hong Kong       San Diego
London          San Francisco
Los Angeles     Shanghai
Madrid          Silicon Valley
Milan           Singapore
Moscow          Tokyo
Munich          Washington, D.C.

File No. 045009

Re: Correspondence re: $B^{11}F_3$

Dear Christian:

Your April 4 email is the third correspondence that we have received from Nukem which seems to suggest that ATMI and Nukem should structure their business relationship based on how it might affect the Praxair lawsuit against ATMI, and indeed that ATMI and Nukem should jointly establish a litigation strategy. It is important that you understand ATMI's perspective on this issue. In short, ATMI can readily defend the lawfulness of its supply contracts with Nukem as they have been written, and neither needs nor seeks accommodations from Nukem to bolster its position in the litigation.

ATMI reached out to Nukem a few weeks ago because Nukem has evidence that relates to the pending lawsuit. Originally, ATMI's belief and assumption was that Nukem could and would testify that (a) Praxair had historically never requested substantial quantities of $B^{11}F_3$ gas from Nukem, and (b) Nukem could comfortably sell $B^{11}F_3$ gas to Praxair in the modest quantities it had historically demanded without running afoul of the 100 kg per contract year limitation in the parties' existing and proposed contracts.

Following a number of conversations and emails, we learned that Nukem had in fact sold Praxair 140 kg in 2007, which Nukem believed was appropriate because it did not regard the 100 kg limitation as in effect during the course of "Amendment No. 2" to the supply contract. ATMI does not agree with this interpretation of Amendment No. 2, but the papers ATMI filed with the Court, including the signed Nukem declaration, reflected both Nukem's position and ATMI's disagreement with it. It remained ATMI's belief, which we also communicated to the Court, that Nukem had the means and contractual freedom, under the 100 kg limitation on third-party sales, to supply 100 kg of $B^{11}F_3$ gas to Praxair in 2008.

It was only Monday of this week that Nukem first informed ATMI that Nukem has already committed nearly 100 kg of $B^{11}F_3$ gas to other third-party customers for 2008 (other than Praxair), so that it cannot, we are told, supply any significant quantities of gas to Praxair and

SF\650798.1

**LATHAM & WATKINS LLP**

remain in compliance with the current and proposed contracts. Let me be very clear that this does not imperil the lawfulness of the supply contracts in and of itself. There is no legal obligation under U.S. antitrust law or otherwise that requires ATMI to share its supply chain with competitors when alternative supplies are available, as they are with respect to $B^{11}F_3$. The problem ATMI now has in the litigation is purely one of appearances: because we were never advised that there was any impediment to Nukem supplying Praxair with up to 100 kg of $B^{11}F_3$ in 2008, we indicated to the Court – truthfully, from our perspective – that Praxair could in fact obtain that much product from Nukem. We will now have to clarify this position, which Praxair will undoubtedly try to exploit by impugning our credibility. Had we known – had Nukem told us – the full facts before ATMI filed its papers with the Court, we could have and would have adjusted our arguments appropriately, with very little lost in terms of the ultimate outcome. In short, our only legal problem is that Nukem has put us in a difficult position by not being candid with us such that our papers do not reflect all of the relevant facts.

To address this, ATMI has agreed to a one-time exception to the contract that will allow Nukem to sell up to 40 kg of $B^{11}F_3$ gas to Praxair in 2008 above and beyond whatever parts of the normal 100 kg allotment Nukem chooses to sell to Praxair. As far as ATMI is concerned, you may sell the entire 140 kg to Praxair if that is what you choose. There is no limitation in the contracts, including the proposed 2008 contract, that restricts to whom Nukem chooses to sell the 100 kg per contract year that is exempt from any obligation to ATMI. ATMI has no voice in the decisions Nukem makes with respect to this 100 kg of $B^{11}F_3$, nor will ATMI assume any legal responsibility for Nukem's decisions. Consequently, ATMI declines your request for an agreement holding Nukem harmless for the effects that Nukem's decisions have in the litigation or otherwise.

At this point, it is for Nukem to decide how to proceed. Nukem has the right to sell 140 kg of $B^{11}F_3$ to whomever it chooses this year (assuming that Nukem's ability to supply ATMI and Matheson is not constrained). We would appreciate you notifying us of what decision you make about supplying Praxair as soon as possible, so that we may promptly advise the Court.

Sincerely,

*Timothy L. O'Mara*

Timothy L. O'Mara
of LATHAM & WATKINS LLP

SF\650798.1