STEPHEN V. BOMSE (Bar No. 40686)
steve.bomse@hellerehrman.com
DAVID M. GOLDSTEIN (Bar No. 142334)
david.goldstein@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268

NATHAN P. EIMER
neimer@eimerstahl.com
ANDREW G. KLEVORN
aklevorn@eimerstahl.com
CHAD J. DOELLINGER
cdoellinger@eimerstahl.com
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone:  (312) 660 7600
Facsimile:  312-692-1718

Attorneys for Plaintiff
PRAXAIR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAXAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATMI, INC. and ADVANCED TECHNOLOGY MATERIALS, INC., <br><br> Defendant. | Case No.: C08-00869JW (HRL) <br><br> **RESPONSE TO ATMI'S "NOTICE OF NEW FACTUAL DEVELOPMENTS"** |

RESPONSE TO ATMI'S "NOTICE OF NEW FACTUAL DEVELOPMENTS"
C08-00869JW (HRL)

COMES NOW, Praxair, Inc.'s Electronics division (hereinafter "Praxair") and files this Response to ATMI's "Notice of New Factual Developments", and states as follows:

Praxair moved for immediate injunctive relief because, *inter alia*, ATMI has an unlawful chokehold on the supply of $B^{11}F_3$ sourced by NUKEM, a dopant gas necessary for Praxair to compete in the market for sub-atmospheric gas delivery systems. ATMI filed its opposition to Praxair's motion for a preliminary injunction on March 19, 2008, claiming that NUKEM was free to sell 100 kilograms of $B^{11}F_3$ to Praxair. (Dkt. 28, 1:27 – 28, 8:21 – 9:1.) Based on these repeated representations, Praxair promptly contacted NUKEM seeking to purchase $B^{11}F_3$. More then ten days passed with no response from NUKEM.

Instead, Praxair received – only two days ago – a response from ATMI (the entity that Praxair contends is unlawfully controlling NUKEM's supply of $B^{11}F_3$), in the form of a pleading captioned "Notice of New Factual Developments" supported by a lawyer's declaration. (Dkt. 45 – 46.)[1] ATMI's supposed "new fact" was that NUKEM does not have any available supply of $B^{11}F_3$ to sell to Praxair in 2008. In other words, contrary to ATMI's repeated assertions to this Court that Praxair has available to it more than enough NUKEM-qualified $B^{11}F_3$ to compete in the market, NUKEM could not and would not supply *any* product to Praxair.

ATMI's "notice" continued, explaining that "in order to eliminate any argument that this new factual development has any bearing on the pending preliminary injunction motion, ATMI has agreed to a *one-time exception* to the contract that will allow Nukem to sell up to 40 kg of $B^{11}F_3$ gas to Praxair in 2008." (Dkt. 45, at 3:1 – 2 (emphasis added)). This is outrageous. ATMI's "one-time exception" to supply Praxair with 40 kg of $B^{11}F_3$ – a fraction of the amount Praxair obtained in 2007 – does not even begin to alter the irreparable harm Praxair is facing. Instead, it merely confirms what Praxair has been telling this Court all along: ATMI is using its market power improperly to control of the supply of qualified $B^{11}F_3$ and is using its stranglehold over NUKEM's $B^{11}F_3$ to prevent Praxair from being able to compete against ATMI. Such predatory conduct is precisely what the antitrust laws were designed to prevent.

---

[1] It is not clear under which procedural vehicle ATMI made its filing. Praxair is unaware of any federal or local rule that permits ATMI to simply give "notice" and supplement the record – without leave of the Court – with facts that definitively establish its own prior representations to this Court were false.

RESPONSE TO ATMI'S "NOTICE OF NEW FACTUAL DEVELOPMENTS"
C08-00869JW (HRL)

Moreover, ATMI's disclosure of this "new fact" to the Court's attention two days before Praxair's reply brief is due is inexcusable. According to ATMI, "[o]n March 31, 2008 – subsequent to the filing of Defendants' Opposition Brief – NUKEM GmbH ("NUKEM") first informed ATMI that . . . Nukem apparently cannot supply any significant quantities of $B^{11}F_3$ to Praxair in 2008." (Dkt. 46, ¶ 2.)[2] But ATMI was in contact with NUKEM before it filed its opposition, because NUKEM filed a declaration in support of ATMI's opposition. (Dkt. 31.) It is unthinkable that ATMI would not ask NUKEM whether it had available $B^{11}F_3$ before it made such a representation to this Court.

Regardless, even assuming that ATMI learned of this fact as it now claims (a point which Praxair vigorously contests), *ATMI still sat on this material fact for a week*. Indeed, ATMI admits it learned on March 31 that the representation it made throughout its opposition brief was false. Rather than promptly notifying Praxair and this Court of its material misstatements, and seeking to withdraw the brief, ATMI apparently engaged in several rounds of correspondence with NUKEM, culminating in the April 4, 2008 letter ATMI filed with the Court.[3] Following this last letter, ATMI waited *another three days* before deciding it was time to reveal its misstatements to Praxair, and, more importantly, this Court. This eleventh hour "notice," made only two days before Praxair's reply brief is due, is highly improper and, arguably, was intended to disrupt Praxair's ability to meet its reply deadline.

At bottom, ATMI's "notice" is nothing more than a futile attempt to derail the upcoming preliminary injunction hearing and misdirect the Court's attention away from ATMI's unlawful conduct. Yet it does just the opposite. Indeed, as set forth more fully in Praxair's Reply Memorandum in Support of Its Motion for a Preliminary Injunction filed contemporaneously herewith, ATMI's letter confirms the existence of an unlawful and anticompetitive agreement, the effect of which is to force Praxair out of the market entirely. Here, NUKEM, to its credit, has

---

[2] Based on express representations made by NUKEM and the plain language of the agreement, Praxair contends that the agreement prohibits NUKEM from selling any $B^{11}F_3$ to Praxair in 2008 – 2009.

[3] On April 7, 2008, the day ATMI made its filing, Praxair immediately requested that counsel for ATMI produce this additional correspondence so Praxair could better understand the issues. Counsel for ATMI has ignored this request.

- 2 -

RESPONSE TO ATMI'S "NOTICE OF NEW FACTUAL DEVELOPMENTS"
C08-00869JW (HRL)

apparently realized its agreement with ATMI is unlawful and has thus attempted to persuade ATMI to (i) restructure the existing business relationship, and (ii) hold NUKEM harmless for its conduct under the exclusive agreement. (Dkt.46 – 2, at 2, 3.) ATMI has flatly declined.

In conclusion, ATMI's highly unusual "Notice" is improper. Although it purports to correct misrepresentations ATMI made to this Court, it does far more. It confirms that ATMI has engaged in unlawful and anticompetitive conduct, attempting to force Praxair – its lone competitor – out of the market entirely. It confirms that an injunction is necessary.

April 9, 2008                                       Respectfully submitted,

By: /s/ STEPHEN V. BOMSE

Attorney for Plaintiff

Praxair, Inc.

- 3 -
RESPONSE TO ATMI'S "NOTICE OF NEW FACTUAL DEVELOPMENTS"
C08-00869JW (HRL)