1   STEPHEN V. BOMSE (Bar No. 40686)
    steve.bomse@hellerehrman.com
2   HELLER EHRMAN LLP
    33 Bush Street
3   San Francisco, CA 94104-2878
    Telephone: (415) 772-6000
4   Facsimile: (415) 772-6268

5   NATHAN P. EIMER
    neimer@eimerstahl.com
6   ANDREW G. KLEVORN
    aklevorn@eimerstahl.com
7   CHAD J. DOELLINGER
    cdoellinger@eimerstahl.com
8   EIMER STAHL KLEVORN & SOLBERG LLP
    224 South Michigan Avenue, Suite 1100
9   Chicago, Illinois 60604
    Telephone: (312) 660 7600
10  Facsimile: 312-692-1718

11  Attorneys for Plaintiff
    PRAXAIR, INC.
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                  SAN JOSE DIVISION

16  PRAXAIR, INC.,                      CASE NO. C 08-00869 JW (HRL)

17          Plaintiff,                  **JOINT CASE MANAGEMENT
                                        STATEMENT AND RULE 26(f)**
18      v.                              **REPORT**

19  ATMI, INC. and ADVANCED
    TECHNOLOGY MATERIALS, INC.,
20
21          Defendants.

22  ─────────────────────────────

23          Pursuant to the Court's order of February 2, 2008, Plaintiff Praxair, Inc. and

24  Defendants ATMI, Inc. and Advanced Technology Materials, Inc. (collectively, the "Parties")

25  jointly submit the following case management statement and Rule 26(f) Report. Nothing stated

26  herein shall be deemed an admission by either Party, and this Report shall not be admissible in

27  any subsequent hearing or trial in this or any other litigation.

28

1    **1. Jurisdiction and Service**: The Court has subject matter jurisdiction over Plaintiff's

2    federal antitrust claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction

3    over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  All defendants have been served

4    with process and have appeared.  No party contests personal jurisdiction or venue in this Court.

5    **2. Facts**: The following is a brief description of the facts of the case.  The Parties have

6    submitted briefing in conjunction with Plaintiff's Motion for a Preliminary Injunction.  The

7    Parties' preliminary injunction briefing is hereby incorporated by reference.  The Parties are

8    competitors in the sale of sub-atmospheric gas delivery systems used in the fabrication of

9    semiconductors.  Sub-atmospheric gas delivery systems store and release various gases used in

10   the semiconductor fabrication process.  Defendants were the first to market a sub-atmospheric

11   gas delivery system in the mid-1990s.  Defendants' patented system, known as the SDS®

12   system, was a commercial success, as it was the only available sub-atmospheric delivery system.

13   In 2004, Plaintiff introduced a competing, patented sub-atmospheric delivery system, the

14   UpTime® system.

15   Enriched boron trifluoride ("$B^{11}F_3$") is one of the gases delivered by the Parties'

16   sub-atmospheric systems for use by semiconductor manufacturers.  Plaintiff contends that the

17   Parties currently obtain all, or nearly all, of the $B^{11}F_3$ from a company called Nukem GmbH.

18   Defendants contend that Plaintiff is capable of securing, and has secured, $B^{11}F_3$ from other

19   sources, including Ceradyne Boron Products ("Boron Products").  Defendants entered into a

20   series of output supply agreements with Nukem that restricts Nukem's ability to sell $B^{11}F_3$ to

21   third parties.  Plaintiff alleges that, as a result of these limitations, it has not been able to obtain

22   sufficient quantities of $B^{11}F_3$ from Nukem.

23   The Parties have engaged in litigation regarding their respective patent rights for

24   sub-atmospheric gas delivery systems.  In July 2003, ATMI sued Praxair in the United States

25   District Court for the Southern District of New York, alleging that the UpTime® system

26   infringed certain claims in patents held by ATMI.  The court granted summary judgment in favor

27   of Praxair on the grounds that ATMI's asserted patent claims were invalid and unenforceable

28

1    because the claimed invention(s) were obvious. This judgment was affirmed on appeal.

2              In December 2003, Praxair sued ATMI in the United States District Court for the

3    District of Delaware, alleging that one of ATMI's sub-atmospheric gas delivery systems (a

4    product known as the VAC® system) infringed claims in Praxair's patents for the UpTime®

5    system.  A jury returned a verdict in favor of Praxair; however, post-verdict, the court held one

6    Praxair patent invalid based on the indefiniteness of the claims asserted and two other patents

7    unenforceable based on alleged inequitable conduct by the original patent holder (not Praxair).

8    This matter is currently on appeal before the United States Court of Appeals for the Federal

9    Circuit, which recently conducted oral argument on the matter.

10             In August 2006, ATMI brought suit in Belgium, alleging that Praxair's UpTime®

11   system infringes claims in ATMI's patents in certain European countries.  The merits of this suit

12   have not been addressed; however, ATMI has obtained preliminary relief that forbids Praxair

13   from advertising or commercializing its UpTime® system in certain European countries, pending

14   a determination on the merits.  These matters are currently on appeal and a trial on the merits is

15   to be conducted.

16             The principal factual issues that will need to be addressed in this matter, include

17   the following:

18        Plaintiff's List of Factual Issues

19            ▪   Whether ATMI's exclusive supply agreement with Nukem constitutes an
                 unreasonable restraint of trade, an act of monopolization, and/or unfair
20               competition;

21            ▪   The relevant market in which to assess the competitive effects arising from
                 Defendants alleged anticompetitive behavior;
22

23            ▪   The extent to which ATMI's continued dominance of the relevant market is a
                 result of anticompetitive behavior;

24            ▪   Whether ATMI's purported justifications for its actions are sufficient or
                 pretextual;
25

26            ▪   The viability and availability of claimed alternative sources of supply of
                 $B^{11}F_3$;

27

28

3

- Whether Defendants attempted to exclude Plaintiff from the sale of sub-atmospheric gas delivery systems through the bad faith, predatory or exclusionary procurement and/or enforcement of claimed patent rights;

- Whether ATMI intended to exclude competition from the relevant market;

- Whether ATMI's conduct created a dangerous probability of achieving or maintaining monopoly power in the relevant market;

- Whether Praxair has reasonable technical means to limit access to Praxair's website; and

- The damages, if any, that Plaintiff suffered as a result of Defendants' claimed anticompetitive conduct.

Defendants' List of Factual Issues

- Whether ATMI has market power in the relevant market;

- Whether the Defendants have collective market power in the relevant market;

- The extent to which ATMI's market position is due to competition on the merits, *e.g.,* its long record of product development and the investments that it has made in improving ion implantation technologies, or something other than competition on the merits;

- The extent to which ATMI's market position is due to the significant investment that it has made in developing the two gas suppliers that today are the primary worldwide providers of $B^{11}F_3$ - Nukem and Boron Products;

- The nature and extent of the investments ATMI has made in Boron Products and Nukem, thereby developing a reliable $B^{11}F_3$ supply chain;

- The nature and extent of the investments ATMI is making, in conjunction with Nukem, to achieve a product differentiation advantage in the marketplace;

- Whether Boron Products is a viable, alternative supplier of $B^{11}F_3$;

- Whether the actions of any Defendant injured Praxair;

- Whether the actions of any Defendant have caused harm to competition in a relevant market;

- Whether Praxair suffered damages as a result of the Defendants' conduct and, if so, the nature and extent of those damages; and

- Whether Praxair mitigated its alleged damages.

**3. Legal Issues**: Plaintiff alleges that Defendants have used their market position to engage in anti-competitive activities. In particular, Plaintiff contends that Defendants have (1)

4

1    significantly impeded Plaintiff's ability to compete in the sale of sub-atmospheric gas delivery

2    systems by tying up the primary supplier of qualified $B^{11}F_3$ for ion implementation, and (2)

3    misused their claimed patents to engage in abusive litigation and used their Belgium patent to

4    extend their monopoly into the United States.  On the basis of these allegations, Plaintiff has

5    alleged seven causes of action:  (1) monopolization in violation of § 2 of the Sherman Act, 15

6    U.S.C. § 2; (2) attempted monopolization in violation of § 2 of the Sherman Act, 15 U.S.C. § 2;

7    (3) conspiracy to monopolize in violation of § 2 of the Sherman Act, 15 U.S.C. § 2; (4) unlawful

8    restraint of trade in violation of § 1 of the Sherman Act, 15 U.S.C. § 1, (5) declaratory judgment

9    that Belgian Preliminary Relief is unenforceable in the United States, 28 U.S.C. § 2201; (6)

10   unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; and (7) tortious

11   interference with prospective economic advantage.

12        **4. Motions**:  Plaintiff filed a motion for preliminary injunction, which the Court denied,

13   with the requirement that the Parties enter a stipulation for the supply of $B^{11}F_3$ to Praxair, by

14   ruling on June 5, 2008.  No motions are currently pending.  The Parties anticipate filing

15   dispositive motions following the completion of discovery.

16        **5. Amendment of Pleadings**:  The Parties may choose to amend their pleadings to add

17   additional factual allegations, causes of action or parties, without leave of court, according to the

18   schedule proposed below.

19        **6. Evidence Preservation**:  The Parties have distributed hold orders to relevant

20   personnel and intend to continue to monitor compliance therewith.

21        **7. Disclosures**:  The Parties anticipate that initial disclosures required by Federal Rule of

22   Civil Procedure 26 will be completed by June 20, 2008.

23        **8. Discovery**:  No discovery has been taken to date in this action.  The Parties anticipate

24   taking written and oral discovery from each other as well as from non-party customers and

25   suppliers regarding the facts alleged in the pleadings.  The Parties jointly propose to increase the

26   number of interrogatories that may be served on each party to thirty-five (35).  Plaintiff also

27   proposed to increase the number of depositions to fifteen (15) for each side, i.e. Plaintiff may

28

5

1    take 15 depositions and Defendants (collectively) may take 15 depositions.  Defendants believe

2    that the 10 depositions per side provided for by the Federal Rules of Civil Procedure are

3    sufficient, and respectfully request that the Plaintiff's request to increase the number of

4    depositions per side be denied at this time.  The Parties recognize that as discovery progresses

5    they may need to reevaluate the number of depositions that are appropriate and reserve their

6    respective rights to reconsider this question at a later time.

7        **9. Class Actions**:  This is not a class action.

8        **10. Related Cases**:  None.

9        **11. Relief**:  Plaintiff seeks various forms of relief, including but not limited to:

10                •   Treble damages for all injuries suffered as a result of Defendants'

11                    purported anticompetitive practices;

12                •   Restitution of any unlawful gains acquired by Defendants;

13                •   Declaratory relief regarding the enforceability of the Belgian Court's order

14                    in the United States;

15                •   Injunctive relief prohibiting Defendants from engaging in any practices

16                    found to be unlawful.

17        **12. Settlement and ADR**:  The parties do not believe that alternative dispute resolution

18    is appropriate at this time.

19        **13. Consent to Magistrate Judge For All Purposes**:  The Parties do not consent to

20    having a magistrate judge conduct all further proceedings.

21        **14. Other References**:  The Parties do not believe this action is suitable for reference to

22    binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

23        **15. Narrowing of Issues**:  The Parties have not identified any issues that can currently

24    be narrowed by agreement or motion.

25        **16. Expedited Schedule**:  At this time the Parties do not believe that an expedited

26    schedule is appropriate. The Parties' proposed schedule is stated below.

27        **17. Scheduling**:  The Parties jointly propose the following pre-trial schedule:

28

6

| | | |
|---|---|---|
| 1 | Discovery commences | July 1, 2008 |
| 2 | Amendment of Pleadings | September 1, 2008 |
| 3 | Fact discovery closes | May 1, 2009 |
| 4 | Exchange of expert reports | June 15, 2009 |
| 5 | Exchange of reply expert reports | July 15, 2009 |
| 6 | Expert discovery closes | August 15, 2009 |
| 7 | Dispositive motions due | October 1, 2009 |
| 8 | Response to dispositive motions | November 1, 2009 |
| 9 | Reply in support of dispositive motions | November 15, 2009 |
| 10 | Pretrial conference | At the discretion of the Court |
| 11 | Trial | At the discretion of the Court |

12    **18. Trial**: The Parties have requested a jury trial that is expected to last approximately

13    2-3 weeks.

14    **19. Disclosure of Non-Party Interested Entities or Persons**:  The Parties have filed the

15    Certification of Interested Entities or Persons required by Civil Local Rule 3-16.

16    Plaintiff stated: "Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff

17    Praxair, Inc. through its attorneys declares that Praxair, Inc. is a Delaware corporation.  Praxair,

18    Inc. has no parent corporation and no public company owns 10% or more of its stock.  Pursuant

19    to Local Rule 3-16, the undersigned certifies that, as of this date, there is no further interest to

20    report."

21    Defendants stated: "Pursuant to Federal Rule of Civil Procedure 7.1, defendant

22    ATMI, Inc., by counsel, hereby discloses that it has no parent corporation, and that no public

23    company owns more than ten percent of its stock.  Defendant Advanced Technology Materials,

24    Inc., by counsel, hereby discloses that its parent company is ATMI, Inc., and that ATMI, Inc.

25    owns one-hundred percent of its stock.  Pursuant to Civil Local Rule 3-16, defendants ATMI,

26    Inc. and Advanced Technology Materials, Inc., by counsel, certify that the following persons,

27    associations of persons, firms, partnerships, corporations or other entities have a financial

28

7

interest in the subject matter of this litigation, as defined by 28 U.S.C. § 455(d)(4): (1) ATMI, Inc. has a number of direct and indirect subsidiaries; (2) Matheson Tri-Gas, Inc. is a business partner of ATMI, Inc., and a party to the Nukem GmbH supply contract at issue in this litigation; (3) Nukem GmbH is a party to the supply contract at issue in this litigation."

   **20. Other Matters**: The Parties are not aware of any other matters that would facilitate the just, speedy and inexpensive disposition of this matter.

                                        Respectfully submitted,


June 20, 2008                    By    /s/ Andrew G. Klevorn

                                 Andrew G. Klevorn
                                 EIMER STAHL KLEVORN &SOLBERG LLP
                                 224 South Michigan Avenue, Suite 1100
                                 Chicago, IL 60604
                                 (312) 660-7676
                                 aklevorn@eimerstahl.com
                                 Attorney for Plaintiff
                                 PRAXAIR, INC.


June 20, 2008                    By    /s/ Timothy L. O'Mara with permission

                                 Timothy L. O'Mara
                                 LATHAM &WATKINS LLP
                                 505 Montgomery Street
                                 San Francisco, CA 94111-6538
                                 (415) 395-8227
                                 tim.omara@lw.com
                                 Attorney for Defendants
                                 ATMI, INC. AND ADVANCED TECHNOLOGY
                                 MATERIALS, INC.

8

STEPHEN V. BOMSE (Bar No. 40686)
steve.bomse@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268

NATHAN P. EIMER (*Admitted Pro Hac Vice*)
neimer@eimerstahl.com
ANDREW G. KLEVORN (*Admitted Pro Hac Vice*)
aklevorn@eimerstahl.com
CHAD J. DOELLINGER (*Admitted Pro Hac Vice*)
cdoellinger@eimerstahl.com
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone:  (312) 660 7600
Facsimile:  (312) 692-1718

Attorneys for Plaintiff
PRAXAIR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAXAIR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ATMI, INC. and ADVANCED TECHNOLOGY MATERIALS, INC.,<br><br>Defendants. | Case No.: Case No.: C-08-00869 JW (HRL)<br><br>**PROOF OF SERVICE** |

1

## PROOF OF SERVICE

2

3        I, Andrew G. Klevorn, declare that I am over the age of eighteen years and I am not a party

4   to this action. My business address is 224 S. Michigan Avenue, Chicago, Illinois 60604.

5        On June 20, 2008, I served the documents listed below on the interested parties as follows:

6   Timothy L. O'Mara, Esq.
    LATHAM & WATKINS LLP
7   505 Montgomery Street
    Suite 2000
8   San Francisco, CA 94111-6538

9

10  **DOCUMENT(S) SERVED:**

11      **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

12      **PROOF OF SERVICE.**

13  **[X]**      <u>BY ECF NOTICE</u>: I certify that these documents will be served by Electronic posting
            pursuant to Local Rules of Northern District of California and ECF General Order No. 45

14          I declare under penalty of perjury under the laws of the United States of America that the

15      foregoing is true and correct and that this document was executed on June 20, 2008, in Chicago,

16      Illinois.

17

18                                        /s/ Andrew G. Klevorn
                                          Andrew G. Klevorn

19

20

21

22

23

24

25

26

27

28

1